AMERICAN PRESIDENT LINES, LTD.,
Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 19235.

United States Court of Appeals
Ninth Circuit.

Jan. 8, 1965.

Dwight C. Steele, San Francisco, Cal.,
for petitioner.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Melvin J. Welles, Gladys Kessler and Harvey Letter, Attys., N. L. R. B., Washington, D. C., for respondent.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

JERTBERG, Circuit Judge:

█ The petitioner, American President Lines, Ltd., a Delaware corporation with its principal office in San Francisco, California, and engaged in transporting passengers and freight on vessels from

ports in California to other ports in the United States and foreign countries, petitions us to review and set aside decision and order[1] of the National Labor Relations Board issued pursuant to Section 10(f) of the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq. The Board cross-petitions for enforcement of its order.[2] The order found that petitioner had violated Section 8(a) (1) and 8(a) (2) of the Act.[3]

The evidence developed at the hearing before the Trial Examiner consisted of a lengthy stipulation of facts entered into between the parties, to which were attached approximately thirty-six documents as numbered exhibits. The only live witness called and examined by both parties was Warren I. Ambrose, personnel manager for petitioner. The testimony of Ambrose was not contradicted and stands unchallenged except as such testimony may be affected by the stipulation of facts and the attached document. Following the hearing and submission of briefs, the Trial Examiner rendered his decision, findings of fact, conclusions of law, and recommended order in which he found that petitioner had violated Sections 8(a) (1) and 8(a) (2) of the Act, and recommended to the Board that petitioner cease and desist therefrom and take certain affirmative action. Thereafter petitioner filed exceptions to the decision of the Trial Examiner with the Board, together with supporting brief, to which general counsel for the Board filed a reply. The decision and order of the Board, in relevant part, reads as follows:

"The Board has reviewed the rulings of the Trial Examiner made at the hearing and finds that no prejudicial error was committed. The rulings are hereby affirmed. The Board has considered the entire record in this case, including the decision, the exceptions, and the briefs, and hereby adopts the findings and conclusions of the Trial Examiner."

The Board adopted as its order the recommendations of the Trial Examiner with slight modifications. The order requires petitioner to cease and desist from:

"(a) Assisting, dominating, contributing financial or other support to, or interference with the administration of the Employee Relations Committee named as an interested party herein, or any other labor organization;

"(b) Interfering in any like manner with the representation of its employees by or through any labor organization of their own choosing;

"(c) Recognizing the Employee Relations Committee, or any successor thereto, as the representative of any of its employees for the purpose of dealing with respondent concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

The order further requires petitioner to withdraw and withhold all recognition from, and completely disestablish the Employee Relations Committee, or any successor thereto, as the representative of any of its employees for the purpose of dealing with respondent concerning grievances, labor disputes, wages, rates

1. Entered March 26, 1964, 164 N.L.R.B. No. 66.

2. This Court has jurisdiction of the proceedings since the alleged unfair labor practices occurred in San Francisco, California.

3. "Section 8(a):
    "(a) It shall be an unfair labor practice for an employer—
    "(1) to interfere with, restrain, or coerce employees in the exercise of rights guaranteed in section 7;

"(2) to dominate or interfere with the formation or administration of any labor organization or contribute financial or other support to it; *Provided,* That subject to rules and regulations made and published by the Board pursuant to section 6, an employer shall not be prohibited from permitting employees to confer with him during working hours without loss of time or pay;"

of pay, hours of employment or conditions of work, and to post certain notices.

█ We shall first dispose of petitioner's contention that the Board failed to comply with Section 8(b) of the Administrative Procedure Act. The relevant provisions of that Act, 5 U.S.C. § 1001 et seq., are:

"Section 8(b):

"(b) Submittals and Decisions.— Prior to each recommended, initial, or tentative decision, or decision upon agency review of the decision of subordinate officers the parties shall be afforded a reasonable opportunity to submit for the consideration of the officers participating in such decisions (1) proposed findings and conclusions, or (2) exceptions to the decisions or recommended decisions of subordinate officers or to tentative agency decisions, and (3) supporting reasons for such exceptions or proposed findings or conclusions. The record shall show the ruling upon each such findings, conclusions, or exception presented. All decisions (including initial, recommended or tentative decisions) shall become a part of the record and include a statement of (1) findings and conclusions, as well as the reasons or basis therefor, upon all the material issues of fact, law, or discretion presented on the record; and (2) the appropriate rule, order, sanction, relief, or denial thereof."

In its order the Board stated that it had reviewed the rulings of the Trial Examiner and affirmed the same, and had considered the entire record of the case, including the decision, the exceptions, and the briefs, and "hereby adopts the findings and conclusions of the Trial Examiner." The order showed the ruling of the Board on the exceptions presented. The Board's order sufficiently informed petitioner of the disposition of all of its exceptions. We are unconvinced that petitioner suffered any prejudice because the Board did not make separate rulings on each exception and state the reasons for such rulings. We believe that the requirement of Section 8(b) was sufficiently satisfied in this case. National Labor Relations Board v. State Center Warehouse and Cold Storage Co., 193 F.2d 156 (9th Cir. 1951); National Labor Relations Board v. Sharples Chemicals, Inc., 209 F.2d 645 (6th Cir. 1954); National Labor Relations Board v. Wichita Television Corporation, 277 F.2d 579, 585 (10th Cir. 1960).

█ The primary and controlling issue before us is whether the finding of the Board that the Employee Relations Committee was a labor organization, within the meaning of 29 U.S.C. § 152 (5) which states:

"The term 'labor organization' means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

is supported by substantial evidence when viewed in the light that the record, in its entirety, furnishes.

Petitioner contends that the Employee Relations Committee is not a "labor organization" because it was not intended to be such by the petitioner when the Committee was established, and that it did not function for the purpose, in whole or in part, or dealing with petitioner concerning grievances, labor disputes, wages, rates of pay, hours of employment or conditions of work. We have carefully reviewed the entire record and we are satisfied that there is substantial evidence in the record, considered as a whole, which discloses dealing between the Employee Relations Committee and petitioner on the subjects of grievances, wages, rates of pay, hours of employment and conditions of work, and that the Committee existed, at least in part, for the purpose of dealing with petitioner on such matters. It was properly found to be a "labor organization." See National Labor Relations Board v. Cabot Carbon Co.,

360 U.S. 203, 79 S.Ct. 1015, 3 L.Ed.2d 97 (1959). It is clear from the record that the petitioner organized the Committee, appointed temporary members of the Committee, assisted it with supplies and facilities, and assisted, supported, sponsored and dominated the permanent Committee thereby violating Section 8 (a) (2) of the Act as found by the Board.

We believe, however, that the evidence is insufficient to support the finding of the Board that petitioner violated Section 8(a) (1) of the Act.

The petition of petitioner to vacate and set aside the decision and order of the Board is granted only in respect to the Board's finding that petitioner violated Section 8(a) (1) of the National Labor Relations Act, and in all other respects is denied. The cross-petition of the Board for enforcement of its order, as herein modified, is granted.