391 A.2d 94.

MARTHA CORREIA, *d.b.a. Toni Marine Sales and Service v.* JOHN H. NORBERG, *Tax Admininstrator.*

AUGUST 21, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

BEVILACQUA, C.J.    We issued a writ of certiorari in this case to review a judgment of the Superior Court affirming a decision of the respondent tax administrator which decision had assessed the petitioner, Martha Correia, for a sales tax deficiency based on various interstate sales of boating equipment.

The petitioner does business as Toni Marine Sales and Service in Middletown, Rhode Island. As such she sells boats, motors, and boating accessories. Because of a discrepancy between the gross sales receipts reported on her federal income tax returns and those reported on her Rhode Island sales tax returns, petitioner's business records for the period of January 1, 1971 through October 31, 1974 were audited. As a result of the audit petitioner received a notice of deficiency determination assessing her a sum of $13,233.53 for sales tax due, interest, and penalty charges under The Sales and Use Tax Act, G.L. 1956 (1970 Reenactment) chapters 18 and 19 of title 44.

At an informal conference with a representative of the State Division of Taxation, petitioner learned that the deficiency was based on taxes due for exemptions she had claimed for sales to government and exempt institutions,[1] for labor transactions,[2] and for interstate sales.[3] With reference

---

[1]General Laws 1956 (1970 Reenactment) §44-18-30(E),(I) exempts such sales from exposure to sales tax.

[2]Under G.L. 1956 (1970 Reenactment) §44-18-12 "[t]he amount charged for labor or services rendered in installing or applying * * * property sold * * * when

to the latter the representative explained that no exemption would be allowed unless petitioner could adduce written proof that out-of-state delivery to the purchasers had been made.

The petitioner then requested an administrative hearing on the deficiency determination. On March 19, 1975 respondent sent her notice of a hearing. Several letters were then exchanged between petitioner and respondent in which the former challenged the sufficiency of the notice of hearing in light of the standards set out in The Administrative Procedures Act. G.L. 1956 (1977 Reenactment) §42-35-9. The petitioner requested a full statement of the issues to be addressed at the hearing and the contentions of the division. The respondent replied that he was not required to furnish a taxpayer with the contentions of the division, restated the purpose of the hearing, and detailed what the taxpayer was expected to establish at that time. In subsequent correspondence petitioner reiterated her demand for more specific notice as to the contentions of the division. The respondent answered that under §44-18-25 the taxpayer has the burden of proving that sales disallowed as exemptions, such as the interstate sales in question, are not subject to the sales tax.

A hearing was conducted on April 30, 1975. The tax auditor testified that the exemption for interstate sales had been disallowed because, in each transaction, petitioner lacked documentation of out-of-state delivery signed by the purchaser. The auditor further testified that the records maintained in connection with sales to the government and exempt institutions and in connection with labor transactions were sufficient to substantiate deductions claimed for those exemptions.

---

such charge is separately stated" is not included within the definition of "sale price" and therefore not subject to the sales tax imposed by §44-18-18.

[3]General Laws 1956 (1970 Reenactment) §44-18-30(A) exempts gross receipts obtained from interstate sales from those gross receipts subject to sales tax.

The petitioner testified that in each case of interstate sale, out-of-state delivery was made by her or a member of her family. Records were submitted for each interstate transaction, for all sales to the government and exempt institutions, and for labor transactions. Some of the invoices concerning interstate sales authenticated out-of-state delivery, while others merely noted the out-of-state address of the purchaser but did not substantiate where delivery was made. Records were introduced for the period of the audit showing the gross receipts from all three types of allegedly exempt activity.

The petitioner's accountant testified that in computing petitioner's sales tax liability, he used the amount of gross receipts reported on federal income tax returns and deducted from that figure the yearly amount of gross receipts from interstate sales, sales to the government and other exempt institutions, and labor transactions. For the period of the audit his computations showed that the sales tax liability was $5,108.10.

After the hearing, respondent rendered his final decision allowing petitioner a complete exemption for the claimed sales to the government and exempt institutions and for labor transactions. With respect to the interstate sales, however, exemptions were recognized only for those transactions for which documentary evidence established out-of-state delivery. Thus respondent apparently rejected the oral testimony of petitioner which attested to such delivery insofar as the testimony was not corroborated by written evidence of delivery. As a result of respondent's decision the amount of the deficiency was reduced from $13,233.53 to $9,805.39.

The petitioner then sought review of this final decision in the Superior Court under §42-35-15. The Superior Court affirmed respondent's decision, noting that under §44-18-25 there is a presumption that "all gross receipts are subject to the sales tax * * * until the contrary is established *to the satisfaction of the tax administrator.*" (Emphasis added.) The

court stated that except where the purchase was for resale purposes, §44-18-25 places the burden of proving the contrary, such as an exemption, on the person making the sale. The trial justice continued that in regard to the claimed interstate sales, the only evidence of out-of-state delivery was petitioner's oral testimony. As to this testimony, the trial justice ruled that it was within the power of respondent to assess its credibility and to reject it. The trial justice concluded that respondent did not act arbitrarily or capriciously in making his decision even to the extent that it was based on an apparant assessment that respondent's oral testimony was not satisfactory to overcome the presumption that the gross receipts in question were subject to the sales tax.

The petitioner then sought a writ of certiorari to review the decision of the trial justice. Two issues are before the court pursuant to our issuance of the writ: (1) whether in light of the record certified to us the judgment of the trial justice was arbitrary and capricious and therefore constituted an abuse of discretion; and (2) whether the notice of hearing furnished to petitioner by respondent was adequate under the standards established by §42-35-9(b)(3),(4).

I

The first issue concerns the type of evidence that is sufficient to establish interstate delivery for the purpose of excluding gross receipts of interstate sales from the taxable gross receipts.

The petitioner contends that at the hearing she testified without contradiction that as to the alleged interstate sales in question she and members of her family made the deliveries out of state. In response to respondent's allegation that this oral testimony regarding delivery was all hearsay, petitioner asserts that no objection was made by respondent at the time the oral testimony was admitted. Therefore, petitioner argues respondent could not disregard such evidence, which should have controlled his decision because it was uncontradicted. The petitioner concludes that because there was no

evidence to support respondent's decision, the action of the trial justice in affirming that decision was arbitrary and capricious.

The respondent counters petitioner's contentions by suggesting that petitioner's testimony concerning delivery was not disregarded, but rather, was merely rejected as having no probative value or as not being credible.

In evaluating the decision of the Superior Court on certiorari, our scope of review is narrowly defined. We may not pass on issues of credibility nor determine if evidence is strong or weak, direct or circumstantial. We may only determine whether the decision being reviewed was, in light of the record, so arbitrary or capricious as to constitute an abuse of discretion. In making this determination, we examine the record to determine whether there was any legal evidence to support the decision and whether the decision was affected by any error of law. *Domestic Safe Deposit Co.* v. *Hawksley*, 111 R.I. 224, 301 A.2d 342 (1973).

In arriving at their respective decisions, both respondent and the trial justice stressed that petitioner had not corroborated her testimony with proper documentation of out-of-state delivery. Indeed, §44-18-25 places the burden on the taxpayer claiming an exemption to show that the allegedly exempt sales are not subject to sales tax. But as we shall illustrate, we are concerned with the *manner* in which this showing must be made, not with whether or not petitioner met her burden.

There is no specific requirement, either in our statutes or in the regulations of the Division of Taxation, that documentary proof is essential in meeting the aforementioned burden. The auditor did testify at the hearing that petitioner's records were poorly kept. However, §44-19-27 simply states that retailers shall keep such records as the tax administrator may require. The tax administrator, in his regulations, specifies that the *most acceptable* types of proof of out-of-state transportation of goods are various documents such as bills of

lading, insurance receipts, and trip sheets. *Regulations and Rules Issued by the Tax Administrator under the Sales and Use Tax Law*, at 69 (1977). Neither §44-19-27 nor the cited regulation stipulates that only those documents enumerated in the regulation are acceptable.

The petitioner claims that because no specific documentation is required, then her uncontradicted oral testimony was sufficient to establish out-of-state delivery. This court has accepted the view that the positive testimony of a witness, when uncontradicted and unimpeached by other positive testimony or by circumstantial evidence, whether extrinsic or intrinsic, cannot be disregarded by the trier of fact but must control the findings thereof. *Hebblewaite* v. *Powers*, 101 R.I. 347, 223 A.2d 442 (1966). But the testimony of a witness may be contradicted by the facts to which he testifies as completely as by direct adverse testimony. The trier of fact is not bound to accept as true a witness's testimony merely because there is no contradictory adverse testimony, where that witness's testimony contains inherent improbabilities or contradictions which, alone or in conjunction with other circumstances in evidence, satisfy the trier of fact of the falsity of the testimony. *Gorman* v. *Hand Brewing Co.*, 28 R.I. 180, 66 A. 209 (1907).

An examination of the record fails to reveal any finding by respondent that he was satisfied with the falsity of petitioner's testimony. In fact, the only reference he made to that testimony was that petitioner failed to corroborate it with "proper documentation." There is no evidence to contradict petitioner's testimony. The respondent, as trier of fact, was free to reject petitioner's uncontradicted testimony if he found it to be plagued by inherent improbabilities or contradictions, but to do so he must state the reasons for his rejection. *Michaud* v. *Michaud*, 98 R.I. 95, 200 A.2d 6 (1964). Therefore even if petitioner's testimony were susceptible to rejection, respondent's failure to state the reasons for his rejection binds him to that uncontradicted testimony. Because there is neither a statutory nor a regulatory specifi-

cation concerning the type of evidence necessary to establish out-of-state delivery, and because petitioner's uncontradicted testimony was binding on respondent, we believe that the trial justice abused his discretion by misconstruing the evidence before him.

The respondent also argues that even if petitioner's testimony is uncontradicted, it is all hearsay and therefore of no probative value. We reject this argument. Hearsay evidence admitted without objection must be considered and given its natural probative effect as if it were admissible in law. *Diaz v. United States*, 223 U.S. 442, 32 S. Ct. 250, 56 L. Ed. 500 (1912). In our state, this rule and other rules of evidence apply to administrative hearings as well as to adjudicatory proceedings. *See* §42-35-10(a). On this basis, petitioner's oral testimony, even assuming it was all hearsay, was admitted without objection and so must be given full probative effect.

## II

The second issue concerns whether petitioner received adequate notice of the hearing pursuant to the requirements of §42-35-9(b)(3), (4). We believe that she did.

Section 42-35-9(b)(3) provides that reasonable notice of an administrative hearing shall include "a reference to the particular sections of the statutes and rules involved." Section 42-35-9(b)(4) adds to this the requirement of "a short and plain statement" of the issues involved. These and similar requirements are obviously intended to assure that a party is apprised of the nature of the hearing so that he can adequately prepare. *See* 1 Davis, *Administrative Law Treatise* §8.05 at 530 (1958).

Looking to the record, we see that the notice of hearing sent by respondent to petitioner identifies the basic statutory provision that imposes sales tax on retail sales, §44-18-18. It also refers to the purpose of the hearing which afforded petitioner the opportunity to present evidence that various sales for which exemptions were disallowed were labor trans-

actions or interstate sales and thus deductible from taxable gross receipts.

In subsequent letters, the respondent further notified the petitioner that under §44-18-25 she would have the burden of proving that the disallowed sales were not subject to sales tax and that the petitioner should substantiate all her claimed nontaxable receipts. We believe that this sequence of notices was more than adequate to meet the requirements of §42-35-9(b)(3), (4) and to afford the petitioner with an opportunity to prepare for the hearing.

The petition for certiorari is granted, the judgment of the Superior Court is quashed, and the record certified to us is remanded to the Superior Court for entry of judgment consistent with this opinion.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo, Joseph R. Palumbo, Jr.,* for petitioner.

*Julius C. Michaelson,* Attorney General, *Allen P. Rubine,* Assistant Attorney General, *Perry Shatkin,* Chief Legal Officer (Taxation), for respondent.