Theresa SABACK

v.

Gabriel SABACK.

No. 89–546–Appeal.

Supreme Court of Rhode Island.

July 16, 1991.

Joseph E. Marran, III, Oster & Groff, Lincoln, for plaintiff.

Louis M. Pulner, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before the court on the appeal of Gabriel Saback (husband) from an order of equitable distribution of the marital assets of the parties made by a justice of the Family Court. We vacate the order of distribution and remand for further consideration. The facts of the case insofar as pertinent to this appeal are as follows.

The plaintiff, Theresa Saback (wife), had filed a complaint for absolute divorce, alleging irreconcilable differences. The husband counterclaimed for the same relief, also alleging irreconcilable differences. In a bench decision the trial justice granted the divorce on the ground of irreconcilable differences, a judgment that is unappealed.

However, the trial justice distributed the marital assets of the parties by awarding to the wife an automobile, the marital domicile, and all the furnishings thereof. The marital domicile was valued at approximately $135,000 and is unencumbered by a mortgage. The husband was awarded "whatever is left of the two hundred thousand dollars" in certificates of deposit which were in the possession of the husband upon his release in 1986 from the Adult Correctional Institutions.

The husband testified without contradiction that $80,000 of the $200,000 certificates had been inherited. He further testified that over a period of approximately three and one-half years following his release in 1986 he had used all the remaining $120,000 for the support of himself and his wife and for the payment of marital bills. He asserted that there was no money left from these accounts. It is undisputed that the $120,000 constituted marital property.

The trial justice, in distributing these sums in accordance with G.L.1956 (1988 Reenactment) § 15-5-16.1, apparently intended to make an equal distribution of marital assets to these parties. He took into account such factors as "(1) the length of the marriage, (2) the conduct of the parties during the marriage, (3) the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates." *Sattari v. Sattari*, 503 A.2d 125, 127 (R.I.1986). The evidence in the case indicated that the principal financial contributor to the production of the marital assets was the husband, that the length of the marriage was twenty-eight years, and that generally neither party was found to be principally at fault for the breakdown of the marriage. There was also evidence that the wife had worked from time to time and contributed to the marital assets.

A review of the record of the case clearly indicates that the trial justice overlooked salient uncontradicted evidence in determining the amount of the assets to be distributed. First, although the uncontradicted testimony indicated that $80,000 of the $200,000 was inherited, he purported to

award to the husband "whatever is left of the two hundred thousand dollars." Thus he obviously lumped in with the marital property the $80,000 in inherited property that should not have been so considered.

Further, it was the obligation of the trial justice to distribute the marital assets at the time of trial and not to award to the husband moneys that had been expended over the preceding three and one-half years. It was certainly not inherently incredible that the husband might have spent a significant part of the $120,000 in marital property over a period of three and one-half years, including the payment of marital indebtedness. The trial justice could not reject this uncontradicted testimony, particularly in light of the fact that the wife acknowledged that the marital expenses had been defrayed by the husband since 1986. *See Hughes v. Saco Casting Co.*, 443 A.2d 1264 (R.I.1982); *Correia v. Norberg*, 120 R.I. 793, 391 A.2d 94 (1978). Thus his comment that the husband had in some way secreted this entire sum was not supported by the evidence. We are of the opinion that the trial justice was correct in determining that the marital assets of the

parties should be distributed in approximately equal shares. However, his order did not accomplish this purpose and in effect gave the existing marital assets at the time of trial to the wife and simply awarded either a nonexistent sum or a sum that could not be quantified to the husband. Justice demands that a careful assessment of marital assets as of the time of the entry of judgment be ascertained and that an equal division thereof be made.[1]

For the reasons stated, the order of distribution of marital assets is vacated and the papers in the case are remanded to the Family Court for a rehearing on this issue, with the taking of such additional evidence as may be necessary and a redistribution made based upon specific findings concerning the amount and the extent of the marital assets as of the time of the issuance of the original decision on September 20, 1989.

---

1. We are aware that the trial justice made a finding that the husband had been seeing another woman for three years. There was also evidence in the case to indicate that the wife had a drinking problem. However, the trial justice did not allocate fault between the parties, nor did he make a finding that the husband's share of the marital property should be reduced by reason of his conduct.