Lori Ann MEDEIROS

v.

RHODE ISLAND PUBLIC TRANSIT
AUTHORITY and John Bailey.

No. 92–622–M.P.

Supreme Court of Rhode Island.

Dec. 23, 1993.

Amedeo Merolla, Providence.

James Kelleher, Warwick.

ORDER

This matter came before a panel of the Supreme Court on December 21, 1993 pursuant to an order requiring both parties to appear and to show cause why the issues raised in the petition for writ of certiorari should not be summarily decided.

The Rhode Island Public Transit Authority petitions this court for a review of a Superior Court discovery order. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, it is the conclusion of this court that cause has not been shown. The Rhode Island Public Transit Authority had an ample opportunity to examine the results of the accident, and we are not persuaded that the trial justice abused her discretion in denying the motion to compel. *Correia v. Norberg,* 120 R.I. 793, 391 A.2d 94 (R.I.1978).

The ruling of the motion justice is affirmed, the writ heretofore issued is quashed and the appeal is denied and dismissed.

WEISBERGER, Acting C.J., did not participate.

■

Paul PERRY

v.

CITY OF PROVIDENCE.

No. 93–63–Appeal.

Supreme Court of Rhode Island.

Dec. 23, 1993.

Robert Mann.

Richard Riendeau.

ORDER

This matter came before a panel of the Supreme Court on December 21, 1993, pursuant to an order directing both parties to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the defendant appealed from a Superior Court judgment for the plaintiff based on plaintiff's alleged false arrest and imprisonment by police personnel of the city of Providence.[1]

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, it is the conclusion of this court that cause has not been shown. Although it is arguable that some evidence was presented before the jury which was inappropriate, the trial justice's instructions would appear to have overcome any prejudice.

After careful review of the record the court is of the opinion that the other issues raised, the admission of evidence of reputation evidence, the trial justice's instruction on probable cause and the instructions on damages do not disclose reversible error.

For these reasons the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

WEISBERGER, Acting C.J., did not participate.

1. No individual police officers were named as defendants.