Theresa **SABACK**

v.

Gabriel **SABACK**.

No. 96–194–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1998.

Robert D. Oster, Lincoln.

John F. McBurney, Pawtucket, Gabriel Saback, Pro Se.

### ORDER

This case came before the Supreme Court on January 22, 1998, pursuant to an order directing the appellant (Gabriel) to appear and show cause why this appeal should not be summarily decided. Having reviewed the parties' memoranda and listened to their arguments, we perceive no cause and shall therefore decide the merits of the appeal at this time.

Gabriel appeals from a Family Court order directing him to pay the attorney's fees of his former wife (Theresa). The parties have been before this court on prior occasions. Having been divorced in late 1989, Gabriel appealed that part of the trial justice's decision with respect to the equitable distribution of the marital assets. Other portions of the decision, including the trial justice's refusal to order Gabriel to pay Theresa's attorney's fees because he did not have the present ability to pay those fees, were not appealed by either party. This court sustained Gabriel's appeal and concluded, *inter alia*, that the trial justice had erroneously considered inherited property as marital property. *Sa-*

*back v. Saback,* 593 A.2d 459, 460–61 (R.I. 1991). On remand the trial justice awarded Gabriel a portion of the market value of the former marital domicile. Both parties appealed. Theresa died during the pendency of the second appeal.

Another hearing was conducted before a different trial justice who ordered Gabriel to pay Theresa's attorney's fees in the amount of $9,808. However, on appeal this court declared that "the counsel fee was ordered by the trial justice without analyzing or examining the ability of each party to pay" and we remanded the case again. *Saback v. Saback,* 651 A.2d 1221 (R.I.1994).

On remand, the trial justice found that: (1) there was no showing of assets in Theresa's estate; (2) the house had been owned in 1992 at the time of the counsel fee award; (3) the parties acquired the house in 1963; (4) Gabriel currently is receiving disability and pension benefits; (5) there are no mortgage or other liens on the property; (6) Gabriel settled an automobile accident case and paid cash for a 1990 Cadillac; and (7) Gabriel has a twenty-percent interest in real estate located in the City of Central Falls. Based on the totality of the circumstances, the trial justice ordered Gabriel to pay the previously ordered counsel fees within ninety-days or present a meaningful plan to do so, or in the alternative, be adjudged in contempt. Gabriel appealed.

On appeal, Gabriel argues that the evidence failed to disclose the existence of any liquid assets and it was error to consider the value of the real property because it is his home and only residence. He further suggests that because Theresa failed to take an appeal from that part of the first judgment that denied her an award of attorney's fees, she is estopped from claiming fees in a later proceeding. Unfortunately, Gabriel has failed to secure a transcript of the hearing and we do not have the benefit of the trial justice's reasoning in making the award.

Nevertheless, we conclude that Gabriel's argument that the trial justice was without authority to award attorney's fees because those fees were denied previously to be without merit. The finding of the first trial justice that Gabriel was unable to pay fees was not a final order. Where the evidence disclosed a change of circumstances, the issue of attorney's fees was subject to change in a later proceeding. The findings of the trial justice that Theresa's estate had no assets, that Gabriel was receiving disability and pension benefits, and that Gabriel paid cash for a 1990 Cadillac is sufficient evidence to establish a sufficient change of circumstances to justify the award. Thus, we perceive no error in the award of fees by the trial justice.

Gabriel also argues that the trial justice erred when he considered the value of the marital domicile in fashioning the award of attorney's fees. He suggests that because the home is his residence, it was inappropriate for the trial justice to consider its value in making the award. This argument is also without merit. This court has held on prior occasions that the payment of counsel fees is not to be determined on the basis of the liquidity of the assets awarded to each spouse. *See Thompson v. Thompson,* 642 A.2d 1160, 1165 (R.I.1994). Further, in this case other assets existed, including the property in Central Falls, from which the trial justice could determine the ability of Gabriel to pay counsel fees.

Accordingly, Gabriel's appeal is denied and dismissed. The judgment entered in the Family Court awarding counsel fees to Theresa's attorney is affirmed. The papers in the case may be remanded to the Family Court.

BOURCIER, J., did not participate.