Virginia Brown GERVAIS

v.

Donald George GERVAIS.

No. 97–403–A.

Supreme Court of Rhode Island.

March 31, 1999.

Deborah Miller Tate, Robert S. Parker, Providence.

Gerald C. DeMaria, Providence.

## ORDER

After a prebriefing conference with counsel for the parties by a single justice, this case came before the Court at a session in conference pursuant to Rule 12A(3)(b) of the Rules of Appellate Procedure. After reviewing the record and the parties' prebriefing statements, we proceed to decide the case at this time without further briefing or argument.

The plaintiff, Virginia Brown Gervais, has appealed from a Family Court order denying her motion requesting that the Court make additional findings of fact relative to the Decision Pending Entry of Final Judgment for Divorce. The plaintiff sought to have the Court make additional findings of fact to support the valuation of the marital assets at a date other than the date of judgment.

The plaintiff and defendant were married on September 5, 1965, and had six children. Four of the children were adults at the time of the divorce proceedings. The trial justice granted the plaintiff's petition for divorce and awarded joint custody of the minor children to the parties, but gave physical possession to the plaintiff. In his decision, the trial justice found the parties equally responsible for the dissolution of the marriage and awarded an equal distribution of the marital assets. We affirmed the decision in part and reversed in part. *See Gervais v. Gervais*, 688 A.2d 1303 (R.I.1997) (*"Gervais I"*). We con-

cluded that the trial justice erred in valuing the estate at a date two years prior to the trial date without explaining his reasoning for doing so. We remanded the case to the Family Court for a new marital estate valuation.

Upon remand, the plaintiff filed a motion seeking to have the Family Court make additional findings of fact. The plaintiff asked the Court to "supplement the record to include the factual basis for its decision to value the assets of the marital estate as of 1990." The plaintiff argued that the defendant had "unilaterally raided the liquid marital assets" in the course of the two years following the initiation of the divorce proceedings.

The trial justice denied the plaintiff's motion. He reasoned that he had no discretion to value the marital estate as of any other time than the date of trial pursuant to our holding in *Gervais I*. The plaintiff not contends that the trial justice erred in refusing to make additional findings of fact to support the valuation of the marital estate at a date other than the date of judgment.

In *Gervais I*, we reiterated that pursuant to *Saback v. Saback*, 593 A.2d 459 (R.I.1991) and *Briceno v. Briceno*, 566 A.2d 397 (R.I.1989), marital assets should be valued as of the date of trial unless there are compelling circumstances warranting a deviation. 688 A.2d at 1308. In *Gervais I*, we concluded that no such compelling evidence was apparent from the record. Had there been compelling evidence on the record to support the valuation of the marital assets as of two years prior to the trial date, the trial justice could have made the appropriate findings of fact. However, no such evidence was produced in this case. The plaintiff's mere allegations are not sufficient to justify a deviation from the usual date of valuation.

On the basis of the record before us, we are of the opinion that the trial justice did not err in denying the plaintiff's motion.

For the foregoing reasons, we deny and dismiss the appeal and affirm the decision of the Family Court.

Justice FLANDERS did not participate.