97 N.J. Super. 493 (1967)
235 A.2d 476
BEATRICE STELLER, PLAINTIFF-APPELLANT,
v.
WALTER STELLER, DEFENDANT-RESPONDENT, AND AETNA CASUALTY AND SURETY COMPANY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 16, 1967.
Decided November 10, 1967.
*495 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Joseph L. Freiman argued the cause for appellant.
Mr. Brian D. Conlan argued the cause for respondent Aetna Casualty & Surety Company (Messrs. Gurry and Conlan, attorneys).
*496 The opinion of the court was delivered by GAULKIN, S.J.A.D.
On February 10, 1965 plaintiff (hereafter wife) was awarded alimony of $30 per week, and $17.50 per week for the support of each of the four children of the marriage placed in her custody. As of March 25, 1966 defendant Steller (hereafter husband) was in arrears $3,292, and a judgment in that sum was docketed thereon against him.
On August 19, 1965 the husband suffered a compensable injury. On April 1, 1966 the Matrimonial Division ordered that "while defendant continues to receive * * * temporary compensation [of $45 per week], he is to pay the sum of $30 per week, that is, $10.00 per week for his ex-wife, * * * and, $20.00 per week for support of their * * * children * * * the balance of $70.00 per week due on the original order of $100.00 per week * * * together with the [$3,292.] arrears is to be paid out of any final workmen's compensation award." (emphasis ours) Note that the order does not say who is to pay this sum out of the final award. It must have been the husband who was meant, for the employer and its insurance carrier were not parties or before the court when the order was entered. Respondent Aetna Casualty and Surety Company (Aetna) was made a party to this appeal by order of this court.
On February 28, 1967 a final award was made to the husband of 213 1/4 weeks compensation at the rate of $40 per week. By this time the arrears allegedly totalled more than $7,700. Plaintiff then moved to collect the total arrears out of the award. The trial court denied the motion on the ground that R.S. 34:15-29 forbids reaching a compensation award to pay alimony or support. We granted leave to appeal.
R.S. 34:15-29 provides that workmen's compensation "shall not be assignable, and shall be exempt from all claims of creditors and from levy, execution or attachment."
The husband appeared at the oral argument of this appeal without counsel and stated that he is now employed and *497 earning over $200 per week and that he is willing to support his wife and children. Aetna states that it has no interest in the outcome of this action and will abide by the decision of the court. However, it does say that it believes the order appealed from should be affirmed.
Plaintiff argues that language similar to the language of R.S. 34:15-29 has been held to permit reaching pensions to pay alimony and support, citing Fischer v. Fischer, 13 N.J. 162 (1953); Thiel v. Thiel, 41 N.J. 446 (1964), and Williams v. City of Newark Dept. of Public Welfare, 43 N.J. Super. 473 (Cty. Ct. 1957). She contends that the rationale of those cases applies here, and we should so construe R.S. 34:15-29.
In Fischer the husband was $740 in arrears in his alimony payments and, "the default continuing, and contempt proceedings proving futile," the court ordered the Police and Firemen's Pension Fund Commission to pay to the wife, out of the husband's $101.56 monthly pension, "$40 * * * and an additional $10 per month to be applied to the arrears * * *." The pension statute (R.S. 43:16-7) provided that "All pensions granted under this chapter shall be exempt from execution, garnishment, attachment, sequestration or other legal process." The Supreme Court held that the statute did not immunize pensions from appropriation to pay alimony. It said:
"* * * Considered in context, the immunity clause constitutes a protection against improvidence and creditors in the broad general sense of persons whose claims are grounded in contract or tort, or a penalty or forfeiture, to insure sustenance and a measure of economic security for the pensioner and his dependent family * * *.

* * * * * * * *
* * * it is abundantly clear that the policy of the immunity provision is to shield the pensioner against the coercive remedial and executorial processes available to creditors, and thus to secure the pensioner and his family against improvidence and want. * * * In its very nature, [alimony] is not comprehended in the terms of the exemptive clause of the statute under review, designed as it is to secure the pension against the claims of third persons as a means of support for the pensioner and his family.
*498 Such is the outstanding policy of the statute. * * *." (13 N.J., at pp. 165-167; emphasis ours)
In Fischer the court distinguished Hoffman v. Hoffman, 8 N.J. 157 (1952), in which it was held the wife could not reach pension funds, on the ground that Hoffman involved a group insurance contract which by its terms immunized the pension payments, whereas in Fischer "the determinative is the policy of the statute." (at p. 169). However in Thiel v. Thiel, supra, the Supreme Court whittled down Hoffman even further. In Thiel the court held that a pension payable under a group policy could be reached to provide alimony even though the policy provided that "No assignment of any pension will be recognized or permitted nor shall any pension or payment on account of any pension be subject to attachment, execution or other legal process against the PENSIONER." (41 N.J., at p. 449). The court said:
"Hoffman is distinguishable. In deciding that case, the Court conceived that relief should be denied because both husband and wife were nonresidents and the wife resided in a state wherein she could not obtain the relief she sought in New Jersey with respect to a contract so drawn. 8 N.J., at p. 165, 28 A.L.R.2d 1205. It is sufficient to note that the New Jersey wife in the present case seeks recourse to the only asset of her husband with a situs in New Jersey, i.e., the pension fund. In such case our public policy as expressed in Fischer outweighs the contractual limitations asserted by the husband and his employer." (at p. 453)
The court explained that policy as follows:
"Regardless of the precise and restrictive wording of an exemption provision, the restraint created should not be a barrier against recourse to the fund when it provides the only reasonably accessible asset for support of the wife within her state of residence. Cf. Schlaefer v. Schlaefer, 71 App. D.C. 350, 112 F.2d 177, 130 A.L.R. 1014 (1940). The purpose of exemptions is to relieve the person exempted from the pressure of claims hostile not only to his own essential needs but also to those of his dependents. But the purpose cannot be one relieving him of familial obligations, perhaps destroying what may be the family's last and only security, short of public relief. The husband's duty is to share his pension benefits *499 with his wife, and the courts of the state of her residence, if they have jurisdiction over the fund, ought to enforce that duty when there is no other reasonably practical means of obtaining support open to her within the state. Moreover, if we were to uphold his claim of exemption, we would `feed the husband and starve the wife.' Wetmore v. Wetmore, 149 N.Y. 520, 529, 44 N.E. 169, 171, 33 L.R.A. 708 (Ct. App. 1896)." (at p. 451).
The language of R.S. 34:15-29 is not substantially different from that dealt with in Fischer and Thiel. As related to the needs of a wife and children, we see no distinction in principle between pensions and workmen's compensation. Therefore, it seems to us that the public policy defined in those cases compels the same construction of R.S. 34:15-29. Similar statutes in many other states have been so construed. See the authorities collected in Williams v. City of Newark Dept. of Public Welfare, supra, 43 N.J. Super. 473.
In short, compensation payments may be reached for support for a wife and children. The question remains, how and to what extent?
In Thiel the Supreme Court said, "A claim against the pension funds, however, is to be limited to the special facts of the case to the end that an order, just and equitable to all parties, shall result." (41 N.J., at p. 453). We hold that this rule applies to claims against compensation payments, especially since the worker may be ill or disabled and have no other source of income.
It follows, from the reasons for the rule laid down in Fischer and Thiel, that a key question which must be resolved before entering an order reaching compensation is what are the indispensable needs of the worker to make and continue him as an effective working unit, and what income or assets other than the compensation payments are available to him for that purpose? If the worker does not need all of the periodic compensation payments for that purpose, the surplus may be applied to the present needs of the wife and children. Ordinarily such surplus should not be applied to liquidate arrears of alimony and support unless the worker *500 has other surplus income or assets which he refuses to apply to such arrears and, as in Fischer, contempt proceedings are futile, or he has fled the jurisdiction.
Plaintiff argues that the court should order the weekly compensation payments commuted, or compel defendant to apply for such commutation under R.S. 34:15-25. We hold that the court has no power to compel employee or employer to apply for commutation. Furthermore, even if the award were commuted at the request of the worker or the employer, pursuant to R.S. 34:15-25, access to the fund to satisfy claims of the wife and children still would be subject to the rules stated above.
As we have said, the husband appeared at oral argument and admitted that he is now working and earning in excess of $200 per week. Under all the circumstances, we think the case should be remanded to the Matrimonial Division where after appropriate hearing the court, upon proper findings, may enter an order for support and for the liquidation of arrears based upon his present income and assets. Among those assets there will be the compensation payments which have accumulated in the hands of Aetna because of the stay granted pending this litigation. If thereafter there be need to reach the remaining periodic compensation payments, that may be done in accordance with the rules laid down in this opinion "to the end that an order, just and equitable to all parties, shall result." (Thiel v. Thiel, supra, 41 N.J., at p. 453).
Reversed and remanded. We do not retain jurisdiction. No costs against Aetna Casualty and Surety Company.