June Virginia TAYLOR, Plaintiff-Respondent,

v.

James Allen TAYLOR, Defendant,

Aetna Life Insurance Company of Hartford, Garnishee-Appellant.

Nos. 34062, 34217.

St. Louis Court of Appeals, Missouri.

Nov. 23, 1971.

Rehearing Denied Jan. 3, 1972.

Hocker, Goodwin, Gibbons & Fehlig, St. Louis, for garnishee-appellant.

W. Thomas McGhee, David H. McGhee, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Consolidated garnishments appeals.

On October 2, 1969, plaintiff, June V. Taylor obtained a decree of divorce from the defendant, James A. Taylor and was awarded alimony in gross in the amount of $7,200. Defendant was ordered to pay $200.00 a month on this award.

Subsequently, the plaintiff under a general execution filed two affidavits for writs of garnishment directed to the Aetna Life Insurance Company of Hartford (hereinafter garnishee). Plaintiff alleged the defendant had defaulted in his payments. One garnishment was for $520.50 and the other for $1,188. Plaintiff further alleged the defendant was a former employee of McDonnell-Douglas Corporation and during his employment the defendant had paid into the retirement fund an amount which, including interest, equaled the sum of $2,988.88. Plaintiff further alleged the defendant was entitled to a cash refund of this amount and this amount was in the possession of the garnishee. Plaintiff directed interrogatories to the garnishee. The garnishee in its answers acknowledged it had in its custody $2,988.88 which represented contributions [and interest] made by the defendant under a pension plan with his former employer. It is admitted by the garnishee that the defendant did not elect under the pension plan to receive a paid up annuity. On this appeal, the garnishee admits the defendant has the right to withdraw this amount ($2,988.88) at any time.

The garnishee contends here that these contributions to the pension plan of defendant's former employer are not subject to garnishment because the plan itself provides that: (1) contributions are not assignable, and (2) the contributions are exempt from the claims of defendant's creditors. We disagree and affirm.

The garnishee relies on the following provisions in the pension plan:

"No payee may sell, assign, discount or pledge as collateral for a loan or as a security for the performance of an obligation or for any other purpose, any payment due him from the Aetna.

"Any payment due to payee from the Aetna will be exempt from the claims of creditors of the payee. If the provisions of this paragraph are contrary to the law governing in a particular circumstance, then, as to that circumstance, the payment will be exempt to the maximum extent permitted by law."

A garnishment action is governed by statute. Section 525.010, RSMo 1969, V.A.M.S., provides: "All persons shall be subject to garnishment * * * who * * have in their possession goods, moneys or effects of the defendant * * *."

It accordingly follows that a garnishee can be compelled to deliver assets of defendant to plaintiff, if the garnishee is indebted to the defendant. Geiwitz v. Geiwitz, Chicago, Burlington and Quincy Railroad Company, Mo.App., 473 S.W.2d 781 (1971).

Likewise pertinent to this appeal is Section 452.140 RSMo 1969, V.A.M.S. which provides:

"No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children. And all wages due to the defendant shall be subject to garnishment on attachment or execution in any proceedings mentioned in this section, whether the wages

are due from the garnishee to the defendant for the last thirty days' service or not."

The *Geiwitz* case is directly in point. It involved a garnishment brought by a former wife to satisfy a judgment for alimony which she obtained against her husband at the time of the divorce. The garnishee, as here, was administering a pension plan and made monthly payments to her former husband. The court rejected the same contention raised here, that the pension plan provides the pension payments are nonassignable and not subject to garnishment. The court in *Geiwitz* correctly stated that Section 452.140 represents the public policy in this state regarding the validity of a prohibition against assignment in this type of case. The court stated at l. c. 786 that:

> "We, therefore, hold as expressed in Section 452.140, that the provisions in the railroad pension plan prohibiting assignment has no applicability under the circumstances present in the case at bar and that the divorced wife of Chester Geiwitz is entitled to judgment against the railroad as garnishee for the amount due."

*Geiwitz* cited with approval Pugh v. St. Louis Police Relief Ass'n, 237 Mo.App. 922, 179 S.W.2d 927 which extensively considered this statute (452.140). In *Pugh*, the wife of a policeman attempted to collect on her judgment for alimony. The policeman resigned from the police department and under the pension plan he was entitled to a refund of all contributions. The statute which established the police pension plan provided that monies due under the plan were exempt from all process. The court in *Pugh* considered the exemption statute in relation to what is now Section 452.140, supra, and stated that the policy of Missouri law was to protect the head of a family and those dependent upon him from the claims of other creditors and the wife was entitled to support from her husband and was thus one of those protected by Missouri statute. The court accordingly held in *Pugh* that, notwithstanding the statute exempting payment under the pension plan, such were subject to garnishment by the wife to be applied upon her judgment for alimony.

■ In this case the defendant can withdraw this money held by the garnishee at any time. It is strictly cash on hand as far as the garnishee and the defendant are concerned. It is comparable to money held by a bank in a savings account and is subject to garnishment.

Accordingly, we hold that the provisions in the pension plan prohibiting assignment and garnishment are no bar under the facts here to a garnishment action by the divorced wife of the defendant, and plaintiff is entitled to judgments against the garnishee for the amounts due in these consolidated appeals.

The judgments of the trial court are affirmed.

BRADY, P. J., and LACKLAND H. BLOOM, Special Judge, concur.