132 N.J. Super. 559 (1975)
334 A.2d 379
MARGARET S. HUGHES, PLAINTIFF,
v.
CURTIS V. HUGHES, JR., DEFENDANT.
Superior Court of New Jersey, New Jersey Superior Court, Chancery Division.
Decided February 24, 1975.
*560 Mr. Steven Z. Kleiner for plaintiff (Messrs. Lummis, Kleiner, Moore & Fisher, attorneys).
Mr. Ivan M. Sherman for defendant (Messrs. Davidow & Sherman, attorneys).
TESTA, J.C.C., Temporarily Assigned.
In July 1974 plaintiff wife filed a complaint for divorce on grounds of desertion by defendant. Plaintiff sought, among other things, equitable distribution of the property acquired by the spouses or either of them during the marriage, pursuant to N.J.S.A. 2A:34-23. Plaintiff sought to have included in the property available for distribution "the proceeds to be derived *561 by the defendant in a workman's compensation proceeding presently pending in which the defendant is named as petitioner and Owens Illinois Glass Company is named as respondent."
By way of motion, plaintiff sought pendente lite relief, including an order respecting the disposition of any proceeds received by defendant-husband by virtue of his pending workmen's compensation claim. The pendente lite order held this particular request in abeyance pending the filing by the parties of memoranda of law. Recognizing that no pendente lite order respecting the workmen's compensation award which defendant might receive would be appropriate unless such award was held to be eligible for equitable distribution, it is the question of such eligibility which this court must now answer.
The question presented is whether an unliquidated workmen's compensation claim of defendant-husband, which claim arose during coverture, is "property" eligible for equitable distribution pursuant to N.J.S.A. 2A:34-23. While this precise question has never been answered by any reported case in this State, there is ample precedent for holding that such a claim is subject to equitable distribution.
Under N.J.S.A. 2A:34-23 a court is authorized, incident to a grant of divorce, to distribute equitably "the property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage." The interpretation by our courts as to what constitutes property acquired during the marriage has been an expansive one. Thus, in addition to the respective earnings of the spouses, all property acquired by gift, bequest, devise or descent by either of the spouses or by both of them is available for equitable distribution. Painter v. Painter, 65 N.J. 196, 214-217 (1974). The Painter court expressly found the legislative intent of N.J.S.A. 2A:34-23 to be that "all property, regardless of its source, in which a spouse acquires an interest during the marriage shall be eligible for distribution in the event of divorce." (At 217). Such a *562 broad holding by this State's highest court must of course give direction to our consideration of the case at bar by viewing inclusion of any interest in property as the general rule.
Defendant first seeks to except his workmen's compensation claim from inclusion in the property eligible for distribution on the ground that, until such time as the claim is liquidated, it amounts to a mere expectancy. The question of whether a property interest amounting to an expectancy may be eligible for equitable distribution has been discussed in DiTolvo v. DiTolvo, 131 N.J. Super. 72, (App. Div. 1974). In that case it was held that an unliquidated chose in action for personal injuries of one spouse, along with the other spouse's per quod claim, constituted property available for equitable distribution. Addressing itself specifically to the expectant nature of a chose in action, the DiTolvo court stated:
It is true that a chose in action for personal injuries arising during marriage may be considered an expectancy in the sense that a recovery thereon may never come to fruition after the divorce judgment. Nevertheless we are satisfied that this does not preclude the matrimonial court from effecting an equitable distribution of the proceeds of the action if and when they do materialize.
Such was said to be in keeping with the legislative intent of N.J.S.A. 2A:34-23, as interpreted by Painter, supra, of broad inclusion of all property interests acquired during the marriage.
We hold that an unliquidated claim for benefits under workmen's compensation is of the same character as a chose in action for personal injuries and that, as such, it is eligible for equitable distribution under the rationale of DiTolvo, supra. In both instances the property interest is "expectant" in that the existence of actual proceeds is dependent upon the acquisition of a judgment and upon the satisfaction of such judgment. In both DiTolvo and the case at bar legal proceedings had already been commenced and, once commenced, the prospects for the realization of proceeds from the workmen's compensation claim are not inherently *563 more speculative than was the prospect for recovery in the personal injury action. Indeed, the very purpose of the Workmen's Compensation Act, N.J.S.A. 34:15-1 et seq., was to provide a remedy less speculative than a common law negligence action.
Workmen's compensation laws were designed to provide an expeditious and certain remedy for employees who sustain work injuries by the statutory imposition of absolute but limited and determinate liability upon the employer. * * * The employee surrenders his right to seek damage in an action at law in return for swift recovery independent of proof of fault. [Wilson v. Faull, 27 N.J. 105, 116 (1958)]
A workmen's compensation claim can fairly be characterized as a statutory substitute for a common law chose in action for personal injuries and is, given the provisions of the act and the liberality with which claims thereunder are viewed, easier to prove. Naseef v. Cord, Inc., 48 N.J. 317, 325-26 (1966); Wilson, supra. There is, therefore, no logical reason for distinguishing between a chose in action and a workmen's compensation claim for purposes of their eligibility for equitable distribution.
Defendant next contends that a workmen's compensation claim may not be reached by this court for equitable distribution because of N.J.S.A. 34:15-29, which provides that such claims "shall not be assignable, and shall be exempt from all claims of creditors and from levy, execution or attachment." This section of the Workmen's Compensation Act, however, has been construed as being directed at third-party claims against the injured worker which would threaten the economic well-being of the worker and his family. Steller v. Steller, 97 N.J. Super. 493, 497-499 (App. Div. 1967). The Steller court held, therefore, that workmen's compensation benefits "may be reached for support for a wife and children." Id. at 499.
That Steller held workmen's compensation benefits reachable for alimony and child support does not deprive it of *564 precedential value for the principal case in which equitable distribution is sought. Steller was decided in 1967 and thus predated the amending of N.J.S.A. 2A:34-23 by L. 1971, c. 212, § 8 to include, among other matters, a provision for equitable distribution. The close interrelationship of alimony and child support with equitable distribution in arriving at a just dissolution of the marital relationship has been clearly recognized by our Supreme Court. Painter v. Painter, 65 N.J. 196, 218; Rothman v. Rothman, 65 N.J. 219, 234.
Finally, the fact that Steller concerned a compensation judgment which had already been obtained, while in the case at bar no judgment has yet been secured, must be held to be without legal significance here. The DiTolvo case, discussed supra, stands for the proposition that, for purposes of eligibility for equitable distribution, an interest in property need not be presently available for distribution to be the subject of a Judicial Decree.
This court therefore holds that an unliquidated workmen's compensation claim, where the claim arose during coverture, may properly be reached for equitable distribution upon the dissolution of the marriage. An order pendente lite directing the defendant-husband to deposit any award he may receive on his compensation claim with his counsel is here appropriate.