Carolyn Jean PATTON,
Plaintiff-Respondent,

v.

William Ross PATTON, Defendant,

Home Insurance Company,
Garnishee-Appellant.

No. 10337.

Missouri Court of Appeals,
Springfield District.

Oct. 24, 1978.

J. R. Victor, Republic, Loren R. Honecker, Springfield, for plaintiff-respondent.

Raymond E. Whiteaker, David L. Smith, Woolsey, Fisher, Clark, Whiteaker & Stenger, Springfield, for garnishee-appellant.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

TITUS, Judge.

In a dissolution of marriage action, the Circuit Court of Greene County, Missouri, ordered William to pay Carolyn certain monies for temporary support and medical expenses. William became delinquent. On February 18, 1975, while employed in Wichita, Kansas, William sustained an injury which obligated his employer and its insurer, Home Insurance Company, to pay him benefits under the workmen's compensation law of Kansas. Carolyn caused the issuance of a writ of garnishment in aid of execution which was served upon Home on June 25, 1975, via the Missouri Director of Insurance. The garnishment on execution seized and attached in Home's "hands all debts due or to become due by you to William . . . or so much thereof as will be sufficient to satisfy the sum of" $1,167.79. Sixteen days after it had been served with summons or on July 11, 1975, Home paid William $2,923.50 pursuant to a settlement agreement regarding the workmen's compensation claim. Thereafter and subsequent to due proceedings, the circuit court in Missouri rendered judgment for Carolyn against garnishee Home in the sum of $1,167.79, together with 6% interest from June 25, 1975, and costs. Home appealed.

■ Mislabeled "Points and Authorities" [Rule 84.04(a) and (d)],[1] Home's first point relied on is that the trial court erred in entering judgment against it because the court did not have jurisdiction of the subject matter as there was no service of the writ upon William and the writ "did not affirmatively show the place where [William] resided and the place where the debt was contracted and the cause of action arose," all as required by §§ 525.290 and 525.300 and Rules 90.28 and 90.29. The argument portion of Home's brief is intro-

---

1. Unspecified references to rules and statutes are to Missouri Supreme Court Rules, V.A. M.R., and Revised Statutes of Missouri, V.A. M.S.

duced by the incommensurable declaration that the garnishment of workmen's compensation benefits due William "amounted to a garnishment of wages and therefore the action was controlled by" the just cited statutes and rules. However, when § 44–501 et seq., Kansas Statutes Annotated, and § 287.010, et seq., of the Missouri law are read in toto, it is readily apparent the legislative enactments permitting specific and limited compensation recoveries to workmen and their dependents for medical services, death, burial expenses, scheduled injuries, hernias, miscellaneous disabilities, et cetera, cannot logically be equated to wages or the stipend paid for the rendition of services. *State v. Weatherby*, 350 Mo. 741, 744, 168 S.W.2d 1048, 1049[1] (banc 1943); *Lotz v. Missouri Distributing Company*, 387 S.W.2d 179, 185[6] (Mo.App.1965). Neither are we enamored with nor engulfed by Home's asseverations anent the applicability of §§ 525.290 and 525.300 or Rules 90.28 and 90.29. These statutes and rules govern *garnishment of wages in aid of attachment.* As already shown, Carolyn was not after wages; neither did she seek garnishment in aid of attachment. Rather, she sought the workmen's compensation obligation of Home to William via *garnishment in aid of execution.* Consequently, the statutes and rules upon which Home relies are not applicable here. *Beneficial Fin. Co. of Houston v. Yellow Transit Freight Lines, Inc.*, 450 S.W.2d 222, 226[4] (Mo.App.1969); 99 C.J.S. Workmen's Compensation § 1, at p. 33 and § 8, pp. 53–54.

■ Home's second and last point relied on is that the trial court erred in entering judgment against it because the workmen's compensation benefits owed to William were exempt from attachment or execution or garnishment under either Missouri or Kansas law. In this respect, we are dealing with two Missouri and one Kansas statutes, to wit:

*Missouri*—§ 287.260: "The [workmen's] compensation payable under this chapter . . . shall be exempt from attachment, garnishment, and execution, shall not be subject to setoff or counterclaim, or be in any way liable for any debt . . . ." § 452.140: "No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children. . . ."

*Kansas*—§ 44–514: "No claim for [workmen's] compensation . . . shall be assignable or subject to levy, execution, attachment, garnishment, or any other remedy or procedure for the recovery or collection of a debt . . . ."[2]

In construing Missouri § 287.260 and Kansas § 44–514 with Missouri § 452.140, we must ascertain and give effect to the intention of the legislature from the words used in the statutes and adopt that sense which best harmonizes with the context thereof and promotes in the fullest measure the apparent policy and objects of the legislature. *Pugh v. St. Louis Police Relief Ass'n*, 237 Mo.App. 922, 935–936, 179 S.W.2d 927, 934–935[11] (1944). A reading of various exemption statutes, including §§ 287.-260 and 452.140, supra, serves to demonstrate a consistent legislative scheme to provide for family needs. By allowing exemptions from executions or attachment, the legislature has repeatedly evidenced a studied undertaking to insure, as far as practicable, against want on the part of the family as a unit and on the part of wives and dependent children when the unit has been broken by death, divorce or separation. The obvious undertaking is to protect the family or dependent members thereof from creditors in general. E. g., § 287.260, supra (workmen's compensation); § 452.140, supra (married woman's action for maintenance and child support); §§ 87.090, 87.365 and 87.485 (firemen's pension funds); §§ 513.-435, 513.440 and 513.450 (head of family exemptions).

---

**2.** Neither we nor the parties hereto have been able to find a Kansas statute comparable to § 452.140, supra.

In the early case of *Anderson v. Norvell-Shapleigh Hardware Co.*, 134 Mo.App. 188, 192, 113 S.W. 733, 735[2, 3] (1908), it was held that § 452.140 (execution by married woman for maintenance) and the statute providing for a head-of-the-family exemption, were not repugnant nor inconsistent and that the wife was entitled to execution against the garnishee without exemption. To similar effect are cases ruling that a wife may attach or execute on a husband's pension fund or retirement allowance under § 452.140 notwithstanding provisions prohibiting assignment or garnishment. *Taylor v. Taylor*, 474 S.W.2d 859, 861[3] (Mo.App.1971); *Geiwitz v. Geiwitz*, 473 S.W.2d 781, 785–786[5] (Mo.App.1971); *Pugh v. St. Louis Police Relief Ass'n*, supra, 179 S.W.2d at 934–936[12]. See also, *Mahone v. Mahone*, 213 Kan. 346, 517 P.2d 131, 133–134 (1973) where it was ruled that the statutory provision exempting benefits under the Kansas Public Employees Retirement System from execution, garnishment or attachment, was not applicable when in conflict with enforcement, via garnishment, of a decree or claim for child support.

Singly reading § 287.260 and Kansas § 44–514 admits a conclusion of their absolute application. However, when these laws are viewed compatibly with the obvious aims and purposes of § 452.140, there remains little or no reason why dependent wives and children should be classified with general creditors and excluded from executing on workmen's compensation payments which, in part at least, were designed for their benefit. "The legislature was concerned about the care and support of the injured workman and his dependent family; for this reason the workmen's compensation system was created. This being so, it is illogical to think that the benefits of the Act were intended to be withheld from the dependents of an injured workman who refuses to accept the legal obligation to support them." *Calvin v. Calvin*, 6 Or.App. 572, 487 P.2d 1164, 1166[3, 4] (1971). Also: "It would indeed be anomalous to hold that by reason of the exemption from claims of creditors as provided in the foregoing section [§ 287.260], the injured employee could avoid his obligation to support and maintain his wife and children when in fact the exemption was to assure them, as well as the husband, the necessities of life during his disability." *Commons v. Bragg*, 183 Okl. 122, 80 P.2d 287, 290[2] (1938). To like effect see: *Hughes v. Hughes*, 132 N.J.Super. 559, 334 A.2d 379, 381[4] (1975); *Steller v. Steller*, 97 N.J.Super. 493, 235 A.2d 476, 479[1] (1967); 2 Larson's Workmen's Compensation Law, § 58.40, at p. 10–261; Annot: Exemption—Claim for Alimony, Workmen's compensation payments, 54 A.L.R.2d 1422, § 6[f], p. 1435.

The judgment is affirmed.

All concur.