411 A.2d 910.

In re KAREN MARY JONES.

FEBRUARY 29, 1980.

PRESENT: Bevilacqua, C.J., Kelleher and Doris, JJ.

DORIS, J.    This is an appeal from an order of the Superior Court affirming the denial by a Central Falls Probate Court of an adoption petition in which a 30-year-old married man, Duncan Clinton Fraser (Duncan), seeks to adopt his 20-year-old "lover," Karen Mary Jones (Karen). In affirming the denial, the trial justice noted that Duncan was "probably" the father of Karen's child. Duncan is married to another woman and is the father of two children born of that marriage. At oral argument we were informed that Karen is now married to someone other than Duncan. However, notwithstanding her present marital status, Karen continues to press her appeal, claiming that the trial justice's affirmance of the Probate Court's denial was totally erroneous.

Karen's first claim of error relates to the lover's claim that there was no evidentiary support for the Superior Court justice's finding that she and Duncan were "lovers." An easy answer to this contention is to be found in the trial justice's written decision, in which he noted:

> "Although no evidence was taken in the case in Superior Court, it is conceded by the attorney for the appellants, who did not desire to present evidence, that the relationship of lovers existed between the proposed parties to this adoption."

This concession amounts to a judicial admission, which certainly takes the place of evidence. *Socony-Vacuum Oil Co.* v.

*French,* 88 R.I. 6, 15-16, 143 A.2d 318, 323 (1958).

Karen's remaining contention, while novel, is not very persuasive. She takes the position that a justice who presides at an adult adoption proceeding has no discretion whatsoever but must grant the petition as a matter of course. In espousing this claim, Karen points to two provisions of G.L. 1956 (1969 Reenactment) chapter 7 of title 15, to wit, §§15-7-4(d) and 15-7-5, both amended by P.L. 1970, ch. 132, §1.

The first proviso vests jurisdiction to hear petitions for the adoption of an adult in the Probate Court of the city or town in which the petitioners may live. Section 15-7-5 speaks of the necessity of obtaining the consent of the natural parents to an adoption but specifically excludes the necessity of that consent where the potential adoptee has attained the age of majority. Thus, Karen claims that the Probate Court was foreclosed from considering in any manner, shape, or fashion her past adulterous association with Duncan and its potentially incestuous impact.

In speaking of judicial discretion, many years ago this court remarked:

"In the trial of a case questions at times arise to which no strict rule of law is applicable but which from their nature and surrounding circumstances require the judgment of the court. These questions are to be determined by the court exercising its judicial discretion to further the ends of justice." *Strzebinska* v. *Jary,* 58 R.I. 496, 500, 193 A. 747, 748-49 (1937).

In our opinion, a probate judge is clothed with judicial discretion as he considers a petition where one adult seeks to adopt another. The common law did not recognize the right to adopt. It exists solely by statute. *In re Christine,* 121 R.I. 203, 397 A.2d 511 (1979); *In re Gregory,* 118 R.I. 178, 372 A.2d 1277 (1977); *In re Adoption of a Minor Child,* 109 R.I. 443, 287 A.2d 115 (1972). We need not list the citations, but this court has repeatedly said that a statute will not be construed so as to achieve an absurd, meaningless, or patently in-

ane result.

When Duncan and Karen appeared before the Superior Court, their appeal was heard by the then Presiding Justice.[1] After referring to the tragedy of *Oedipus Rex* and the Rhode Island statutes regarding incest, the Presiding Justice then went on to observe:

> "It may be that public morality in our community has reached a low ebb. However, it is the opinion of the Court that it has not yet descended to such a nadir as to require a probate or superior judge to implement an adoption between persons whose relationship is essentially that of paramours. To suggest that the adoption statute requires such interpretation is to concede that the legislature of Rhode Island intended a sardonically ludicrous result. This Court cannot construe our adoption statutes in the light of any such intent."

In endorsing these sentiments, we commend the Probate Court's refusal to stand idly by and be a witness to what appears to be a perversion of the adoption process established by the Legislature.

Karen's appeal is denied and dismissed, and the judgment appealed from is affirmed.

Mr. Justice Weisberger did not participate.

*Aram K. Berberian,* for appellant

---

[1] The then Presiding Justice, Mr. Justice Weisberger, is now a member of this court.