Cathleen CARDENAS

v.

Peter CARDENAS et al.

No. 83–386–M.P.

Supreme Court of Rhode Island.

July 6, 1984.

John B. Ennis, Cranston, for plaintiff.

Cristine L. McBurney, McBurney Law Services, Inc., Pawtucket, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on petition of Hartford Accident & Indemnity Company (Hartford) and Teknor Apex Company (the employer of Peter Cardenas, hereinafter Teknor) for a stay of an order entered by a justice of the Family Court restraining Hartford and Teknor from disbursing any sums awarded to Peter Cardenas (husband) as a result of a commutation proceeding before the Workers' Compensation Commission. The petition also requested a stay of an order by the Workers' Compensation Commission requiring Hartford and Teknor to pay over such sums directly to the husband on pain of the penalties provided in the Workers' Compensation Act. This court stayed both orders and authorized Hartford to pay the amount of the commutation proceeds in the sum of $35,000 into the registry of this court. We treat this proceeding as a petition for certiorari. We affirm the order of the Family Court, and absolve the petitioners from the requirement of paying the sums presently in the

registry of the court directly to the husband, and make those sums subject to the order of the Family Court in implementation of the husband's obligation for child support. The facts of the case are as follows.

On October 9, 1981, Cathleen Cardenas (wife) and her husband were both awarded an absolute divorce on the grounds of irreconcilable differences by a final judgment of the Family Court. This final judgment also required the husband to pay support for the minor child of the parties in the amount of $30 per week from his workers' compensation benefits as well as any additional dependency benefit for which he was required to apply. The husband was also restrained and enjoined from disposing of the proceeds of any workers' compensation settlement in excess of $1,000 "until such time as an order of this Court is made with regard to child support in arrearage." No appeal was taken from this judgment. The wife alleges, apparently without contradiction, that no support has been paid for the minor child since the date of the final judgment.

On July 6, 1983, a trial commissioner of the Workers' Compensation Commission approved a commutation agreement between Hartford and Teknor on the one hand and the husband on the other hand, whereby the husband was to be paid $35,-000 in full compensation for an injury that took place while the husband was employed by Teknor on September 17, 1980. Upon learning of this agreement, the wife filed a petition with the Family Court on July 8, 1983, seeking ex parte to join Hartford and Teknor in a proceeding before the Family Court and to restrain the husband and Hartford from payment of or disposition of the commutation proceeds subject to the order of the Family Court. This motion was granted by a justice of the Family Court, and an ex parte order issued restraining the husband from disposing of any of the funds he might receive from Teknor or from Hartford and restraining Teknor and Hartford from paying out, issu-

ing, or forwarding any commutation proceeds until further order of the Family Court. This petition ensued.

The sole issue raised by this petition is the propriety of the order of the Family Court restraining the distribution of these proceeds in the light of the provisions of G.L.1956 (1979 Reenactment) § 28–33–27, as amended by P.L.1982, ch. 32, art. 1, § 6 which at the time of the entry of this order read as follows:

"(A) No claims or payments due for compensation under chapters 29–38, inclusive, of this title or under any alternative scheme permitted by §§ 28–29–22—28–29–24, inclusive, shall be assignable, or subject to attachment, or liable in any way for any debts except as set forth in paragraph (B) hereof.

"(B) A lien in favor of the department of employment security and/or the department of social rehabilitative services shall attach by operation of law to any benefits due and payable under chapters 29—38, inclusive of this title, or under any alternative scheme by §§ 28–29–22—28–29–24, to the extent that such payments have been made by the department of employment security or the department of social and rehabilitative services to or on behalf of an injured employee or his or her dependents, but only to the extent that said employee would be entitled to receive benefits under the provision of these chapters."

The husband makes a two-pronged attack on the order of the Family Court. He first argues that the Family Court had no jurisdiction to enter such an order and next argues that these proceeds were improperly subjected to a restraining order by virtue of the express provisions of § 28–33–27. We shall first deal with the issue of jurisdiction.

■ We recognize that the Family Court is a court of special jurisdiction whose powers are specifically conferred by statute. *Paolino v. Paolino*, R.I., 420 A.2d 830, 833 (1980). However, the jurisdiction of the Family Court was substantially in-

creased by recent amendments to G.L.1956 (1969 Reenactment) § 8–10–3.[1] This jurisdictional statute now includes the power in aid of the Family Court's determinations of "motions for allowance, alimony, support and custody of children" to take such actions as "partitions [of real estate], accountings, receiverships, sequestration of assets, resulting and constructive trust, impression of trust, and such other equitable matters arising out of the family relationship, wherein jurisdiction is acquired by the court by the filing of petitions for divorce * * * ; enforcement of any order or decree granting alimony and/or child support * * *." This broad grant of authority would seem to include the power to reach and apply assets in the hands of a third person. Otherwise, it would be an idle exercise to impress a trust or take other action pursuant to the powers of equity conferred in aid of the powers of the Family Court to enforce an order of support. Thus, it appears that the grant of power by § 8–10–3 is sufficiently broad to include the issuing of a restraining order against a third person in order to reach and apply an asset in the hands of that third person in implementation of an order for support. We have already held in *Brierly v. Brierly,* R.I., 431 A.2d 410 (1981), that a justice of the Family Court may impress an equitable lien upon real estate in order to secure the payment of all past and present support orders. *Id.* 431 A.2d at 416. In upholding such power, we relied not only upon § 8–10–3 but also upon G.L.1956 (1969 Reenactment) §§ 15–5–16.1 through 15–5–16.-4. These sections grant the Family Court broad authority to assign property or issue execution against the estate of either party. Section 15–5–16.3 provides:

"Any allowance or order made by the family court pursuant to sections 15–5–16 and 15–5–16.2 [which provides for child support] shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid * * * such

executions to run against the goods and chattels of the husband or wife, as the case may be, and for want thereof against the body; and the court may make all necessary orders and decrees concerning the same * * *."

It would seem that this statutory framework would grant to the Family Court the right to issue either an equitable attachment or a restraining order in respect to funds in the hands of a third party. Otherwise, the broad grant of authority set forth in § 8–10–3 would be of little practical value. Consequently, we hold that the Family Court has the power to issue a restraining order in respect to funds in the hands of a third party and may join the third party as party defendant in a petition filed by a husband or a wife for that purpose.

■ The next question is whether the commutation proceedings were exempt from such a restraining order or equitable attachment by reason of the provisions of § 28–33–27. It is unquestionably the law of this jurisdiction that workers' compensation payments are exempt from claims of ordinary creditors and legal process in implementation of the claims of such creditors. However, a general trend has developed in a number of jurisdictions which allow workers' compensation proceeds to be reached for the benefit of wives and children whom the employee has an obligation to support. 2 Larson, *The Law of Workmen's Compensation,* § 58.47 (1982). One of the early cases that reached this conclusion was *Steller v. Steller,* 97 N.J. Super. 493, 235 A.2d 476 (1967), in which the appellate division of the New Jersey Superior Court held that a husband's workmen's compensation proceeds were not immune, or were not exempt, from a court order for support in spite of a statute that stated that workmen's compensation "shall not be assignable, and shall be exempt from all claims of creditors and from levy, execution or attachment." *Id.* at 496, 499, 235 A.2d at 478, 479 (quoting N.J.S.A. 34:15–29). Similar results have been

---

1. The most recent amendment to G.L.1956 (1969 Reenactment) § 8–10–3 is P.L.1981, ch. 319, § 1.

reached in *Meadows v. Meadows*, 619 P.2d 598 (Okl.1980), wherein the court observed:

"Oklahoma case law and the majority of decisions on this point do not support husband's position. '[I]t is generally held that statutes exempting property from legal process in the enforcement of a claim against the husband are not applicable to a claim for alimony or support.'

"The exemptions provisions such as the one in 85 O.S.Supp.1971 § 48 [which generally exempted workers' compensation benefits from claims of creditors and from execution or attachment] were enacted to exempt funds from the claims of creditors. The principal reason for these exemptions is to protect the dependents of the party claiming the exemption. The exemption statute should not be a device to relieve the workman from his obligation to support his wife and family." *Id.* at 600.

Among the cases supporting this view are *Donovan v. Donovan*, 15 Mass.App. 61, 443 N.E.2d 432 (1982); *Petrie v. Petrie*, 41 Mich.App. 80, 199 N.W.2d 673 (1972); *Dallesandro v. Dallesandro*, 110 Misc.2d 342, 442 N.Y.S.2d 400 (1981); and *Calvin v. Calvin*, 6 Or.App. 572, 487 P.2d 1164 (1971).

We find the reasoning of the courts in these cases to be most persuasive. We are not convinced by the argument that § 28–33–27(B), which provides for a lien in favor of the Department of Employment Security and/or the Department of Social and Rehabilitative Services for monies paid to or on behalf of an injured employee or his or her dependents, would indicate a policy on the part of our Legislature to admit of no further exceptions under the doctrine of *inclusio unius est exclusio alterius*. Indeed, we believe that the addition of subparagraph B by virtue of the amendment made by P.L.1982, ch. 32, art. 1, § 6, indicates both the concern of our Legislature for a worker's dependents and the desire of the Legislature to provide for reimbursement to public agencies for monies paid out

on their behalf. Nothing in this statute would prevent this court from reaching a conclusion similar to that of other courts in drawing a distinction between ordinary debts created by contract or tort and the obligation of a worker to support his or her own children. As in numerous other states, our workers' compensation statute provides support not only for the worker but for the dependents of that worker as well. Section 28–33–17. Such a policy would be totally incongruent with an intent to insulate a worker from any attempt to reach workers' compensation benefits and/or substantial settlements derived therefrom in vindication of a claim necessary to support those very dependents.

In view of our determination of this exemption claim, it is unnecessary for us to consider the question of whether the husband is entitled to raise an exemption claim in the light of the fact that the unappealed final judgment of October 9, 1981, provided that he be restrained from disposing of any of the proceeds of his workers' compensation in excess of $1,000. This unappealed judgment may well be at this point immune to any collateral attack. *Hartt v. Hartt*, 121 R.I. 220, 230–31, 397 A.2d 518, 521 (1979).

For the reasons stated, the order of the Family Court restraining distribution of these proceeds is sustained. The petition for certiorari is granted, and the papers in the Family Court case and the workers' compensation case may be remanded to the respective tribunals with our decision endorsed thereon. The clerk of this court is directed to retain the proceeds of the commutation settlement for the present and later to disburse said proceeds in accordance with such order as the Family Court may enter subsequent to a further hearing concerning the amount of the arrearage and other pertinent aspects of the case.