Linda A. SATTARI

v.

Sohrab SATTARI.

No. 83–317–Appeal.

Supreme Court of Rhode Island.

Jan. 17, 1986.

Vincent A. DiMonte, Lovett Schefrin & Gallogly, Ltd., Providence, for petitioner.

Thomas Madonna, Providence, for respondent.

## OPINION

MURRAY, Justice.

This matter is before this court on appeal by Sohrab Sattari (husband) from a decree entered in the Family Court granting the petition of Linda A. Sattari (wife) and the husband's cross-petition for absolute divorce on the grounds of irreconcilable differences. The husband appeals from the Family Court's assignment of marital property and from the award of alimony and child support to the wife. The husband also appeals from that portion of the decree enjoining him, with certain exceptions, from withdrawing any funds from his certificate of deposit. We affirm in part and reverse in part.

The parties were married in Rhode Island on October 6, 1973. Approximately three weeks later, the couple moved to California. There, the husband, a native of Iran, obtained bachelor's and master's degrees in the field of electrical engineering. While engaged in these educational pur-suits, the husband was employed first as a hotel bellman and subsequently as an engineer.

In California the wife received formal training as a dental assistant. The husband bore the expense of this training. The wife was not employed outside the home until June 1976 when she obtained a position as a dental assistant. The wife remained so employed until May 1977 when the only child of the marriage was born.

The parties returned to Rhode Island in November 1979. On March 19, 1981, the wife filed in the Family Court a petition for absolute divorce on the grounds of extreme cruelty and irreconcilable differences. The husband cross-petitioned for absolute divorce, alleging irreconcilable differences.

During hearings on the petitions, testimony was presented that indicated that the husband had experienced emotional problems. The husband's treating psychiatrist testified that the husband was suffering from a manic-depressive illness for which he was continuing to receive treatment and medication.

By interlocutory decree entered on March 17, 1983, the Family Court granted both parties' petitions for absolute divorce on the grounds of irreconcilable differences. The wife was awarded custody of the parties' minor child.

In distributing marital property, the trial justice found the husband to have assets totaling $143,461.78, of which $128,000, representing proceeds from the sale of Iranian real estate that had been owned by the husband prior to the marriage, was not subject to equitable distribution. The court awarded $15,000 from the husband's estate to the wife as an equitable assignment of property.

The court awarded alimony in the amount of $100 per week to the wife. Further, the husband was ordered to pay child support in the same amount. The wife was also awarded counsel fees and costs.

At trial the husband testified that he was the sole owner of a certificate of deposit

valued at approximately $142,000. The court enjoined the husband from withdrawing from the certificate any amount greater than that ordered by the court, except to the extent necessary for payment of his future medical expenses and, if the husband should become unemployed, a sum, not to exceed $200 per week, as may be necessary to pay his personal expenses.

In challenging the trial court's distribution of marital property, the husband advances three arguments. First, he contends that less than the $15,000 assigned by the trial justice was in fact available for assignment as marital property. Second, the husband argues that Rhode Island's equitable-distribution statute, G.L. 1956 (1981 Reenactment) § 15–5–16.1, as amended by P.L.1982, ch. 403, § 1, while permitting assignment to either spouse of a portion of the estate of the other, precludes a trial justice from assigning all of the marital assets to one party.[1] Finally, the husband asserts that in view of the guidelines governing distribution of marital property, as enunciated in § 15–5–16.1, the trial justice erred in assigning all marital assets to the wife. We agree.

It is well settled that, on review by this court, a trial court's findings will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Alix v. Alix,* —— R.I. ——, ——, 497 A.2d 18, 20 (1985); *Rochefort v. Rochefort,* —— R.I. ——, ——, 494 A.2d 92, 93 (1985); *Casey v. Casey,* —— R.I. ——, ——, 494 A.2d 80, 82 (1985); *Wordell v. Wordell,* —— R.I. ——, ——, 470 A.2d 665, 667 (1984). Section 15–5–16.1 requires that the trial justice consider four factors in distributing marital assets: (1) the length of the marriage, (2) the conduct of the parties during the marriage, (3) the contribution of each of the parties in the acquisition, preservation, or appreciation in value of their respective estates, and (4) the contribution and services of either party as a homemaker. Equitable distribution of

marital property "is based on the theory of joint contribution to the marital partnership. Its intent is to provide a fair and just assignment of the marital assets." *D'Agostino v. D'Agostino,* —— R.I. ——, ——, 463 A.2d 200, 203 (1983).

█ In distributing marital assets, the trial justice made no finding concerning the contribution of either party in the acquisition, preservation, or appreciation in value of their respective estates. However, the uncontroverted evidence before us indicates that the husband made such a contribution. While pursuing his educational goals, the husband was employed as a bellman. He subsequently obtained employment as an engineer. The husband's earnings were applied toward the couple's expenses, including the cost of the wife's training as a dental assistant. During the course of the marriage, except from June 1976 until the birth of the parties' child in 1977, the wife was not employed outside the home.

The trial justice found that the wife was not at fault in the deterioration of the marital relationship. The court, believing that the husband's emotional problems were caused by stress resulting from cultural and religious differences, further found that "the willful fault of the husband is very, very little."

Despite his finding that neither party was significantly responsible for the breakdown of the marital relationship and the uncontroverted evidence that the husband had made economic contributions to the marital partnership, the trial justice awarded all marital assets to the wife. Such an award, in view of the facts of this case, is clearly erroneous.

█ Further, the court improperly considered that the wife would be responsible for raising the parties' minor child. The needs of a spouse are not to be considered in assigning marital property. *D'Agostino,* —— R.I. at ——, 463 A.2d at 203.

---

**1.** Because we believe our response to the husband's third argument to be dispositive of the instant appeal, we find it unnecessary to address either of these assertions.

The trial justice's assignment of marital property, having been based on an improper consideration of the wife's needs and clearly erroneous in light of the evidence presented and the court's own factual findings, is reversed. The matter is remanded to the Family Court for reconsideration in view of the factors set forth in § 15–5–16.1.

We find it unnecessary to address the merits of the husband's appeal from the court's award of alimony and child support since, on remand, all economic issues must be reconsidered.

■ A trial justice may reach the question of alimony only after addressing the issue of distribution of marital property. In determining alimony, the trial justice must consider the needs of the parties in view of any property distribution. *Fisk v. Fisk*, — R.I. —, —, 477 A.2d 956, 958 (1984). Similarly, in addressing the issue of child support, the trial court must consider, inter alia, the financial resources of both parents. Section 15–5–16.2. Obviously, the parties' financial resources are affected by the distribution of marital assets.

■ Therefore, on remand the trial court must first redistribute marital property. Subsequent to, and in view of such division, the court must reconsider all remaining economic issues.[2]

■ Finally, the husband contends that the trial justice abused his discretion in enjoining him, with certain exceptions, from withdrawing funds from his certificate of deposit. We find this assertion to be without merit.

Pursuant to G.L. 1956 (1985 Reenactment) § 8–10–3, the Family Court has "the power * * * to take necessary steps in

aid of its divorce jurisdiction to the end that the wife and children might be awarded appropriate amounts for alimony and support and that the estate of the husband could be secured for the performance of any such award." *Brierly v. Brierly*, — R.I. —, —, 431 A.2d 410, 416 (1981) (quoting *Rogers v. Rogers*, 98 R.I. 263, 269, 201 A.2d 140, 144 (1964)). Also, in *Cardenas v. Cardenas*, — R.I. —, —, 478 A.2d 968, 970 (1984), we held that the broad grant of power contained in § 8–10–3 includes the authority to issue restraining orders against third persons when necessary to reach and apply funds held by such persons in implementation of an order for support. Additionally, we note that §§ 15–5–16.1 through 15–5–16.4 specifically confer upon the Family Court the authority to assign property or issue execution against the estate of either party when necessary to secure payment of child support and alimony. *Cardenas*, — R.I. at —, 478 A.2d at 970; *Brierly*, — R.I. at —, 431 A.2d at 416.

For the reasons stated, the husband's appeal is denied in part and sustained in part. Those portions of the decree assigning marital assets and awarding alimony, child support, counsel fees and costs are reversed, and the case is remanded to the Family Court for reconsideration of such issues in light of this opinion. The decree is affirmed in all other aspects.

---

2. In addition to alimony and child support, the trial court's award of counsel fees and costs must be reconsidered. An award of counsel fees and costs requires findings by the trial court that the party seeking such an award is without property of his or her own available for

that purpose and that the spouse has sufficient financial ability to pay such fees. *Paradiso v. Paradiso*, 122 R.I. 1, 3–4, 404 A.2d 60, 61 (1979).