**In re LISA DIANE G.**

**No. 87–238–Appeal.**

Supreme Court of Rhode Island.

Feb. 17, 1988.

Stephen E. Cicilline, Providence, for plaintiff.

Thomas M. Bohan, Chief Legal Counsel, Dept. of Children and Their Families, for defendant.

## OPINION

KELLEHER, Justice.

The single but significant issue presented by this controversy is whether a Family Court justice can grant relief to the plaintiffs, the adoptive parents of a daughter who was eight years old in 1983 when the decree of adoption was entered in the Family Court. The gist of the parents' complaint is that the adoption decree was procured by the fraudulent conduct or misrepresentations of certain representatives of the Department of Children and Their Families (DCF). The parents contend that DCF never informed them that the staff at Bradley Hospital, an institution noted for its treatment of the emotionally disturbed, had informed DCF that the eight-year-old, because of her behavioral problems, should not be placed for adoption. In the Family Court the parents sought nullification of the adoption decree and compensation for the expenses they incurred in caring for the child.

For the most part, the 1987 hearing in the Family Court consisted of a bit of testimony by the child's adoptive parents and arguments of counsel. The trial justice brought matters to a halt, however, when he expressed doubt that the Family Court had jurisdiction over the relief sought. An order was entered denying the parents' complaint for a lack of jurisdiction. At the trial justice's insistence, counsel for DCF had filed a petition asking that the daughter, who is now a teenager, be declared a dependent child and placed in the custody of the state. This petition was granted.

The trial justice's reluctance to assume jurisdiction in this dispute is understandable because this court, on numerous occasions, has observed that the authority of the Family Court to act in a given situation must be expressly conferred on the court by a statute governing the establishment and jurisdiction of that tribunal. *Waldeck v. Piner*, 488 A.2d 1218 (R.I. 1985); *Cardenas v. Cardenas*, 478 A.2d 968 (R.I. 1984); *Paolino v. Paolino*, 420 A.2d 830 (R.I. 1980). However, for the reasons that follow, we believe that the Family Court was and is the appropriate forum to consider and adjudicate the adoptive parents' claim.

At common law the adoptive process was not recognized. The opportunity to adopt is a legislatively created device. *In re Jones*, 122 R.I. 716, 411 A.2d 910 (1980). Here the Legislature has seen fit to vest in the Family Court the exclusive jurisdiction concerning the adoption of minor children. This court in the past has recognized that several changes occur once a decree of adoption is entered. Most significantly, any stigma of illegitimacy is removed from the adopted children and they are deemed to be heirs of their adoptive parents, as if they were their natural children. *In re Adoption of a Minor Child*, 109 R.I. 443, 449–50, 287 A.2d 115, 118–19 (1972). Con-

sequently, we have ruled that a natural mother who has consented to have her child placed for adoption but subsequently seeks to vacate the adoption decree must prove her claim to relief by clear and convincing evidence. We believe that the same standard should be satisfied in situations in which, as here, the adopting parents are the ones seeking to invalidate the adoption decree.

Rule 1(a) of the Family Court procedural rules expressly states that the rules are applicable "in all civil proceedings of a legal or equitable nature arising out of: (a) family relationships including marriage, divorce, separation, support, paternity, adoption and custody of children * * *." Rule 60(b) sets forth six specific grounds for obtaining relief from a judgment provided the effort is made within a reasonable time but not more than a year after the entry of the judgment. The rule then goes on to emphasize that the provisions just referred to do not limit the power of the court to entertain an independent action seeking relief from a judgment when fraud has been practiced upon the court.

In *Paul v. Fortier*, 117 R.I. 284, 366 A.2d 550 (1976), we were considering the Rule 60(b) of the Superior Court Rules of Civil Procedure which is identical to the Family Court Rule 60(b). In *Paul* we emphasized that an independent civil action could be employed to seek the identical relief that could not be afforded by Super. R. Civ. P. 60(b) because of its one-year limitation.

The Legislature has seen fit to vest exclusive jurisdiction in the area of adoptions in the Family Court. If the adoptive parents are to prevail on their claim of fraud or misrepresentation that has been perpetrated on them, the fraud or the misrepresentation has also been perpetrated on the Family Court. In these circumstances we are of the belief that the Family Court, because of its exclusive jurisdiction in the subject matter of adoption, has the inherent power to adjudicate the claim now put forth by the adoptive parents.

■ The issue presently before us appears not to have been encountered with any degree of regularity in most jurisdictions. However, there have been instances where courts have permitted a challenge of adoption decrees by adoptive parents where fraud, misrepresentation, or undue influence has been alleged. *County Department of Public Welfare v. Morningstar*, 128 Ind. App. 688, 151 N.E.2d 150 (1958); *Phillips v. Chase*, 203 Mass. 556, 89 N.E. 1049 (1909); *In re Welfare of Alle*, 304 Minn. 254, 230 N.W.2d 574 (1975); and *Allen v. Allen*, 214 Or. 664, 330 P.2d 151 (1958). *See also* 2 *The Law of Domestic Relations in the United States* 702 (2d ed. 1983); Annot., 2 A.L.R.2d 887, §§ 2, 8, 11 (1948). Any determination of the plaintiffs' claim in the Family Court will necessarily involve a consideration of the child's best interest. However, this consideration must be balanced against the harm suffered by the adoptive parents as a result of the alleged conduct of DCF.

Accordingly the adoptive parents' appeal is sustained, and the dismissal order is vacated. The case is remanded to the Family Court for a trial and adjudication of the plaintiffs' claim.