## In re TREVOR E.

### No. 2009–66–Appeal.

Supreme Court of Rhode Island.

Nov. 18, 2009.

Shella Katz, Office of CASA.

Martha J. Kelly, Department of Children, Youth & Families.

Paul Dinsmore, Esq., Rumford.

## O R D E R

The appellant, Joseph Everton, the biological father of a minor child whose first name is Trevor,[1] appeals from a Family Court decree denying his motion to reopen and vacate the adoption of Trevor by his maternal grandparents.

This case came before the Supreme Court on November 4, 2009, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are of the opinion that this appeal may be decided at this time without further briefing or argument. For the reasons set forth in this order, we deny and dismiss the appeal.

Over four years ago, on October 5, 2005, the Family Court held a consent to adoption hearing, at which appellant was represented by counsel. At that hearing, in the presence of a justice of the Family Court, appellant responded on the record to a series of questions posed to him by his counsel, which questions addressed the legal and practical consequences of his consenting to Trevor's adoption by his maternal grandparents. The appellant's answers under oath to those questions indicate that he understood the consequences of consenting to the adoption. After responding to that series of questions, appellant proceeded to sign the consent to adoption petition. Subsequently, on August 10, 2006, the final adoption decree was entered.

Almost two years later, on June 24, 2008, appellant filed a motion to vacate the adoption. A hearing in Family Court on appellant's motion was first held on October 15, 2008. The proceedings were continued to November 14, 2008, on which date appellant's present counsel contended that the motion to vacate the adoption should be granted because appellant could not read and had had difficulty comprehending the nature of the proceeding when the consent to adoption was given. The appellant's present counsel further alleged that the attorney who represented appellant at the consent hearing had misled him into believing that appellant would have joint custody of Trevor. At the conclusion of the November 14, 2008 hearing, the chief judge of the Family Court denied appellant's motion to vacate the adoption. In denying the motion, the chief judge read into the record relevant portions of appellant's October 5, 2005 testimony. On the basis of his review of that testimony, the chief judge concluded that it was clear that appellant "had knowledge of what was going on" when he consented to the adoption.

As we begin our review of the chief judge's denial of appellant's motion to vacate, we shall first focus on G.L. 1956 § 15–7–21.1(a), which provides as follows:

---

1. There are variations in the record as to the correct spelling of the first name of the young man whose adoption is at issue in this case; we have opted for the spelling "Trevor."

It should also be noted that Trevor's surname has been legally changed to that of his adoptive parents.

"**Challenge to decree.**—(a) Notwithstanding any other provisions of this chapter, a decree of adoption or a termination of a parent's right to give or withhold consent for adoption shall not be subject to a challenge or petition to reverse unless the challenge or petition is filed in the family court within one hundred eighty (180) days after the decree or order is entered." [2]

In view of that pellucid statutory language, it is clear to us that appellant's motion to vacate the adoption was untimely. The motion was filed on June 24, 2008 — well beyond one hundred eighty days after the August 10, 2006 entry of the final decree of adoption. The appellant's motion to vacate the adoption was, therefore, time-barred. There is absolutely no basis in the record for tolling the one hundred eighty day period within which § 15–7–21.1(a) so clearly mandates that a challenge to a consented adoption should be filed.

Even if the motion to vacate was not time-barred, the motion is meritless. It is well established that a parent who, "having consented to an adoption and a decree having been entered [and who] thereafter seeks to vacate the final decree of adop-

tion," must prove his or her claim to relief by clear and convincing evidence. *In re Adoption of a Minor Child*, 109 R.I. 443, 452, 287 A.2d 115, 119 (1972); *see also In re Lisa Diane G.*, 537 A.2d 131, 133 (R.I. 1988) ("[W]e have ruled that a natural mother who has consented to have her child placed for adoption but subsequently seeks to vacate the adoption decree must prove her claim to relief by clear and convincing evidence."); *see generally Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 181 (R.I.2008). It should also be recalled that a Family Court justice's findings are "accorded great weight on appeal and will not be disturbed unless it can be shown that they are clearly wrong or the trial justice overlooked or misconceived material evidence." *In re Jose Luis R.H.*, 968 A.2d 875, 881 (R.I. 2009) (internal quotation marks omitted); *see also In re Destiny D.*, 922 A.2d 168, 172 (R.I.2007).

In the case at bar, the appellant presented no evidence to the chief judge upon which the motion to vacate could have been properly predicated, and thus his attempt to vacate the adoption suffers from a failure of proof.[3] To the contrary, the

2. General Laws 1956 § 15–7–21.1(a), the statutory provision that is quoted in the text, is in effect a statute of limitations. It is worth recalling that "[s]tatutes of limitation serve important societal purposes." *Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 180 (R.I.2008). Such statutes "are the product of a balancing of the individual person's right to seek redress for past grievances against the need of society and the judicial system for finality—for a closing of the books." *Id.* at 181; *see also Wood v. Carpenter*, 101 U.S. 135, 139, 25 L.Ed. 807 (1879) ("Statutes of limitation are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs.").

Finality is of particular importance in the adoption context. *See In re Adoption of a Minor Child*, 109 R.I. 443, 452, 287 A.2d 115, 119 (1972) ("There are three parties concerned with each adoption petition: the natural parents, the adoptive parents and the child. We think that the physical welfare and emotional stability of all three require *that there be some assurance as to the finality of an adoption decree.*") (emphasis added).

3. The appellant's counsel on appeal has gratuitously asserted that the attorney who was appellant's counsel in connection with the consent to adoption proceedings misrepresented to his client what the consequences of his consent would be. There is not a scintilla of evidence in the record to support that assertion about that attorney—who we note has been for many years a well-respected member

only evidence presented by the appellant at the hearing on his motion to vacate was the transcript of the October 5, 2005 consent to adoption hearing, on the basis of which the chief judge quite justifiably found that the appellant had knowingly and voluntarily consented to the adoption of Trevor. It is our opinion that the appellant "utterly failed to present adequate evidence to support his [motion], even on his own chosen grounds." *In re Philip S.*, 881 A.2d 931, 935 (R.I.2005). It is clear to us that the appellant has not met the heavy burden that one must meet when seeking to vacate a finalized adoption.

For the reasons stated in this order, we affirm the denial of the appellant's motion to vacate the adoption. The record may be remanded to the Family Court.

of the bar of this Court. Given the utter absence of supporting evidence, we consider

that assertion by appellant's present counsel to be regrettable.